## CIVIL COVER SHEET

JS-44 (Rev. 5/12 DC)

**I. (a) PLAINTIFFS**

LINDA A. THOMAS
15 Joyceton Way
Upper Marlboro, MD 20774

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __P.G.__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Mitchell I. Batt
SULLIVAN TALBOTT & BATT
77 S. Washington St. #304
Rockville, MD 20850   301-340-2450

**DEFENDANTS**

NATIONAL RAILROAD PASSENGER CORP.
dba AMTRAK
60 Massachusetts Avenue, NE
Washinton, DC 20002

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
   Plaintiff

○ 2 U.S. Government
   Defendant

○ 3 Federal Question
   (U.S. Government Not a Party) ⊗

○ 4 Diversity
   (Indicate Citizenship of
   Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR
PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in This State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

○ **A.  Antitrust**

☐ 410  Antitrust

○ **B.  Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical
      Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.  Administrative Agency Review**

☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If
      Administrative Agency is
      Involved)

○ **D.  Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category
may be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

○ **E.  General Civil (Other)**          OR          ○ **F.  Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property
      Damage
☐ 385 Property Damage
      Product Liability

**Bankruptcy**
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions
      of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
      defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of
      Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
      Rates/etc.
☐ 460 Deportation
☐ 462 Naturalization
      Application
☐ 465 Other Immigration
      Actions
☐ 470 Racketeer Influenced
      & Corrupt Organization

☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/
      Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure
      Act/Review or Appeal of
      Agency Decision
☐ 950 Constitutionality of State
      Statutes
☐ 890 Other Statutory Actions
      (if not administrative agency
      review or Privacy Act)

| ◉ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ◯ I. *FOIA/Privacy Act* | ◯ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☒ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ◯ K. *Labor/ERISA (non-employment)* | ◯ L. *Other Civil Rights (non-employment)* | ◯ M. *Contract* | ◯ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ◯ 2 Remand from State Court  ◯ 3 Remanded from Appellate Court  ◯ 4 Reinstated or Reopened  ◯ 5 Transferred from another district (specify)  ◯ 6 Multi-district Litigation  ◯ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000e, et seq., 42 USC 1981, 29 USC 621 et seq.

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ TBD   JURY DEMAND: Check YES only if demanded in complaint  YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)  YES ☐  NO ☒  If yes, please complete related case form

DATE: 10-23-2014   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should endure the accuracy of the information provided prior to signing the form.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**LINDA A. THOMAS**
15 Joyceton Way
Upper Marlboro, MD 20774

       Plaintiff

**v.**

                              **Case No:** _____

**NATIONAL RAILROAD**
**PASSENGER CORPORATION**
**d/b/a Amtrak**
60 Massachusetts Avenue, NE
Washington, D.C. 20002

       Defendant

## COMPLAINT

       COMES NOW Linda A. Thomas ("Plaintiff"), by and through undersigned counsel, who brings this action against National Railroad Passenger Corporation d/b/a Amtrak ("Defendant" or "Amtrak") and for grounds states as follows:

### Parties and Jurisdiction

1.  The Plaintiff is a natural person who herein proceeds individually on claims for discriminatory and retaliatory termination pursuant to (a) the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); (b) the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981 ("Section 1981"); and (c) the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq.* ("ADEA").

2.  The Defendant is a corporation which maintains its principal place of business in Washington D.C.

3.   At all times relevant hereto, the Plaintiff was employed by the  Defendant's Corporate Human Resources Group at either its Corporate office located in Washington D.C. or at its Human Resources Employee Service Center ("HRESC") located in Wilmington, Delaware.  The Plaintiff was selected for termination from employment as part of an organizational reduction in force ("RIF") which, based upon information and belief, was planned and implemented by Corporate Human Resources located in Washington D.C.  The Plaintiff's selection for termination from employment was, based upon information and belief, approved by Corporate Human Resources in Washington D.C.  The records relevant to this RIF are, based upon information and belief, maintained in Washington D.C.  The Plaintiff was notified of her termination by way of a letter which was generated by the Chief Officer, Human Resource Capital, located in Washington D.C.

4.   Pursuant to the preceding, this Court has proper personal jurisdiction over the Defendant, proper subject matter jurisdiction over the claims being brought, and proper venue over this action.

**General Allegations**

5.   The Plaintiff asserts and realleges each and every allegation set forth above as if fully set forth herein.

Employment History

6.   The Plaintiff commenced employment with Amtrak on February 4, 1980 as a Legal Secretary in Amtrak's offices in Washington D.C.

7.   The Plaintiff was promoted in 1997 into the position of Sr. Human Resources Specialist-Benefits in the Human Resources' Compensation, Benefits, and Technology Section of the Human Resources Department located in Washington D.C.

8.    The Plaintiff was notified on February 4, 2010 that her position in Washington D.C. was

being abolished and that she should apply for either a position at the new Human Resources

Employee Service Center ("HRESC") located in Wilmington Delaware or any other position in

which she felt qualified.

9.    The Plaintiff applied for the position of Transaction Specialist–Benefits located at the

HRESC which was posted on February 8, 2010.  This was basically the same position which the

Plaintiff had been performing in Washington D. C. since 1997.

10.    The Plaintiff was selected for the position in late March 2010.

11.    The Plaintiff commenced employment at the HRESC on or about April 1, 2010.

<u>Structure of the Wilmington HRESC</u>

12.    The HRESC in Wilmington Delaware employed a total of 30–35 individuals who were

employed in one of the following three sections: Retirement and Benefits, Customer

Support/Call Center, and Data Management and Recruitment.  Each Section was supervised by a

Manager and the three Section Managers reported directly to the HRESC Director who in turn

reported to Corporate Human Resources in Washington D.C.

13.    The Plaintiff was hired into the Retirement and Benefits Section as a Transaction

Specialist-Benefits. Her basic job responsibilities were in handling transactions involving both

Health & Welfare benefits (eg., insurance, disability) and the 401(k) plan.

14.    Within the Retirement and Benefits Section,  there were 2 other Transaction Specialist

positions: Transaction Specialist- Benefits and Transaction Specialist-Records. The primary

responsibility for this other Benefits Transaction Specialist was to handle retirement plan

transactions.  In addition, there were also 4 other Transaction Specialists who were contract

employees hired from agencies.  These 4 individuals primarily supported the Records function of

the Section.

Filing of EEOC charge

15.   The Plaintiff filed a charge of discrimination with the EEOC on or about September 13, 2011.

16.   The Plaintiff alleged in this charge that she suffered the following adverse actions because of her race, age, and/or retaliation: the decision to relocate her position to Delaware; being denied a promotion; and being denied the right to apply for another position within the 12 months following date of transfer.

17.   Based upon information and belief, Amtrak learned about this charge of discrimination sometime between October and December 2011.

Voluntary Incentive Pay Program

18.   In November of 2011, Amtrak conducted a Voluntary Separation Incentive Pay Program (VSIP) as a way to lessen the impact of an anticipated Reduction in Force (RIF) to be conducted in January of 2012.  Employees were informed that, if they did not take the voluntary separation, they could be subject to involuntary separation as part of the anticipated RIF.  Employees were further informed that the severance benefits being offered in the VSIP were more favorable than what would be offered in the involuntary RIF.

19.   Both the VSIP and RIF were part of efforts to realign the structure of Amtrak in accordance with a five year strategic plan released in September of 2011.

20.   Plaintiff declined to participate in the VSIP because (1) she wanted to continue to work as long as possible in order to be eligible for full retirement and (2) she was  informed by the HRESC Director in a group meeting that the Transaction Specialists in the Benefits and Retirement Section were "mission critical" and would not be impacted by any involuntary RIF.

Involuntary Reduction in Force

21.    At some point following the conclusion of the VSIP in late November 2011, Amtrak

determined that an involuntary RIF would still be necessary.

22.    Based upon information and belief, the decision to conduct this involuntary RIF, as well as

the implementation of this RIF, was made by Corporate Human Resources located in

Washington D.C.

23.    The criteria to be utilized in making the selections for the RIF were organizational need,

documented past performance, disciplinary records, skills and/or experience, and length of

Amtrak service.

Additional Benefits position

24.    In early January 2012, a position for Benefits Specialist within the Retirement and Benefits

Section of the HRESC was posted by the Director.

25.    This posting was necessitated by the need of an additional person in the Benefits and

Retirement Section.

26.    Out of an abundance of caution, the Plaintiff applied for this position even though it

appeared that it was the same job which the Plaintiff was presently performing.

27.    The Plaintiff was subsequently informed by the HRESC Director that this posted position

was the same as the position currently being held by the Plaintiff and that the reason it was

posted was because an additional person was needed to assist the Plaintiff in handling the health

& welfare benefits and 401(k) transactions.

Selection of Plaintiff for termination pursuant to the RIF

28.    The Plaintiff was notified on January 20, 2012 that she had been selected for termination

pursuant to the involuntary RIF and that her effective date of termination would be February 3,

2012. The Plaintiff was notified of her termination via letter written by Barry Melnkovic, Chief

Human Capital Officer, located in Washington D.C. The letter was hand delivered to the Plaintiff

at the HRESC by the Director.

Impact of the Reorganization/Reduction-in-Force Process on the HRESC

29.    The Plaintiff was the only permanent Transaction Specialist selected out of the Retirement

and Benefits Section for termination pursuant to the RIF

30.    The Plaintiff was the only permanent Transaction Specialist in the Retirement and Benefits

Section who is African American.  The other two Transaction Specialists are White.

31.    The Plaintiff was the only permanent Transaction Specialist in the Retirement and Benefits

Section who, based upon information and belief, had filed a prior complaint of discrimination

with the EEOC.

32.    At the time of the RIF, the Data Management and Recruitment Section of the HRESC was

comprised of 10 African American and 5 White Transaction Specialists.

33.    Out of these 15 Transaction Specialists, 2 individuals were selected for RIF, both of them

are African American.

34.    At the time of the RIF, the Customer Service Section of the HRESC was comprised of 5

African American and 1 White Specialists.

35.    Out of these 6 Customer Service Specialists, 4 individuals were selected for RIF, all of

them are African American.

Subsequent hiring of the Benefits Specialist

36.    The Benefits Specialist position which was posted prior to the Plaintiff's termination and

for which the Plaintiff applied was ultimately filled by  a young female on or about April of

2012.

37.   Based upon information and belief, the position identified in the preceding paragraph was responsible for the same functions as were being performed by the Plaintiff prior to her termination.

Subsequent transfer to the Benefits Section

38.   Following the Plaintiff's termination, one of the Transaction Specialists in the Data Management and Recruitment Section was transferred to the Benefits and Retirement Section.

39.   Based upon information and belief, the position identified in the preceding paragraph was responsible for the same functions as were being performed by the Plaintiff prior to her termination.

Application of Selection Criteria

40.   Out of the three Transaction Specialists in the Benefits and Retirement Section, the Plaintiff had substantially longer Amtrak tenure than the two others.

41.   Out of the three Transaction Specialists in the Benefits and Retirement Section, the Plaintiff had substantially more skills and experience than the two others.

42.   The Plaintiff's documented past performance and record were strong.  Based upon information and belief, the Plaintiff's documented past performance and record was as good as, or better, than the two others.

43.   There were no legitimate reasons for selecting any of the three Transaction Specialist positions in the Benefits and Retirement Section for the RIF.  Rather, the Defendant simply used the RIF as a pretext to terminate the Plaintiff in retaliation for her September 2011 charge of discrimination filed with the EEOC.

44.   Alternatively, even if there was a legitimate need to terminate one of the three Transaction Specialists in the Benefits and Retirement Section, there was no legitimate basis for selecting the

Plaintiff out of the three individuals.  Rather, the decision to select the Plaintiff as part of the RIF was based upon her race (African American), age (almost 59), and/or her September 2011 charge of discrimination.

Filing of the current complaint of discrimination/retaliation

45.   The Plaintiff filed her charge of discrimination with respect to  her termination from employment with the EEOC, charge number 530-2012-02800, on or about August 22, 2012.

46.   The Plaintiff received a Dismissal and Notice of Rights for charge number 530-2012-02800, dated July 31, 2014, on or about August 4, 2014.

Damages

47.   At the time of termination, Plaintiff's annual salary was  $66,225.00/year.  She had also received in 2011a $2,152.00 merit lump sum award.

48.   Had the Plaintiff not been selected for RIF, she would have continued to be employed by Amtrak.

49.   Notwithstanding diligent efforts, the Plaintiff has suffered periods of unemployment since her termination from employment.  In addition, even when working, the Plaintiff has not been able to duplicate the salary and benefits she was earning while employed by the Defendant.

50.   Accordingly, as a result of the termination, the Plaintiff has suffered, and continues to suffer, lost income and benefits.

51.   In addition, as a result of the termination, the Plaintiff's retirement and pension benefits have been significantly reduced.

52.   In addition, as a result of the termination, the Plaintiff has suffered, and continues to suffer, stress, mental distress, inconvenience, embarrassment, humiliation, and damage to her career.

53.   The Defendant's actions in terminating the Plaintiff were done, willfully, maliciously, and

in direct disregard of the Plaintiff's statutory rights.

## COUNT I
### Retaliatory Termination in violation of Title VII and Section 1981

54.    The Plaintiff asserts and realleges each and every allegation made in the preceding

paragraphs as if fully set forth herein.

55.    The Plaintiff suffered an adverse employment action when she was terminated from

employment effective February 3, 2012.

56.    The Plaintiff engaged in protected participation conduct when she filed a discrimination

complaint against Amtrak with the EEOC on or about September 13, 2011.

57.    The Plaintiff was terminated from employment because she engaged in protected

participation conduct.

58.    Amtrak qualifies as an employer pursuant to 42 U.S.C. § 2000e(b).

59.    The Plaintiff has satisfied all Title VII statutorily required pre-requisites for bringing suit

under Count I.

WHEREFORE, Plaintiff demands judgment against Amtrak as follows:

A.    A declaration that the acts complained of constitute a violation of Title VII and

Section 1981;

B.    Lost wages and benefits from date of termination through date of trial;

C.    Non-economic compensatory damages;

D.    Punitive damages;

E.    Reinstatement into a comparable position;

F.    In lieu of reinstatement, future lost wages from date of trial until the earlier of (1)

the date the Plaintiff obtains comparable employment to that which she had while

employed by the Defendant or (2) the date the Plaintiff would have voluntarily

chosen to retire had she continued with her employment with the Defendant;

G.     Reasonable attorney's fees and costs;

H.     Prejudgment interest;

I.     Such other and further relief as deemed appropriate by this Court.


## COUNT II

**Discriminatory Termination based on Race in violation of Title VII and Section 1981**

60.    The Plaintiff asserts and realleges each and every allegation made in the preceding

paragraphs as if fully set forth herein.

61.    The Plaintiff was terminated from employment because of her race (African American).

WHEREFORE, Plaintiff demands judgment against Amtrak as follows:

A.     A declaration that the acts complained of constitute a violation of Title VII

of the Civil Rights Act of 1964, as Amended;

B.     Lost wages and benefits from date of termination through date of trial;

C.     Non-economic compensatory damages;

D.     Punitive damages;

E.     Reinstatement into a comparable position;

F.     In lieu of reinstatement, future lost wages from date of trial until the earlier of (1)

the date the Plaintiff obtains comparable employment to that which she had while

employed by the Defendant or (2) the date the Plaintiff would have voluntarily

chosen to retire had she continued with her employment with the Defendant;

G.      Reasonable attorney's fees and costs;

H.      Prejudgment interest;

I.      Such other and further relief as deemed appropriate by this Court.


## COUNT III
### Discriminatory Termination based on age in violation of the ADEA

62.   The Plaintiff asserts and realleges each and every allegation made in the preceding

paragraphs as if fully set forth herein.

63.   The Plaintiff qualifies as a protected person under the ADEA as she was over the age of 40

years at the time of her termination.

64.   The Plaintiff was terminated from employment because of her age.

65.   Amtrak qualifies as an employer pursuant to the ADEA.

66.   The Plaintiff has satisfied all ADEA statutorily required pre-requisites for bringing suit

under Count III.

WHEREFORE, Plaintiff demands judgment against Amtrak as follows:

A.      A declaration that the acts complained of constitute a violation of the ADEA;

B.      Lost wages and benefits from date of termination through date of trial;

C.      Liquidated damages in an amount equal to B above;

D.      Reinstatement into a comparable position;

E.      In lieu of reinstatement, future lost wages from date of trial until the earlier of (1)

the date the Plaintiff obtains comparable employment to that which she had while employed by

the Defendant or (2) the date the Plaintiff would have voluntarily chosen to retire had she

continued with her employment with the Defendant;

  F.  Reasonable attorney's fees and costs;

  G.  Prejudgment interest;

  H.  Such other and further relief as deemed appropriate by this Court.

Respectfully submitted,

By: SULLIVAN, TALBOTT & BATT
   /s/
  Mitchell I. Batt
  77 S. Washington Street, #304
  Rockville, Maryland 20850
  (301) 340-2450
  mbatt@verizon.net
  *Attorney for Plaintiff*

**Jury Demand**

The Plaintiff, through counsel, hereby requests a jury trial on all issues so triable.

By: ___/s/_____
  Mitchell I. Batt